IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

PATRINA S. PRUITT                                                                                          PLAINTIFF

v.                                         2:20-cv-00234-DPM-JJV

KILOLO KIJAKAZI,
Commissioner,
Social Security Administration,                                                                   DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to Chief United States District Judge D. P. Marshall Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Patrina Pruitt, has appealed the final decision of Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. This review function is extremely limited. The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The only disputed issue in this case is whether Plaintiff is disabled within the meaning of the Social Security Act.  Plaintiff bears the burden of establishing a physical or mental impairment that has lasted twelve months or more and has prevented her from engaging in any substantial gainful activity.  42 U.S.C. §§ 423 (d)(1)(A), 1382 (c)(3)(A)(B).

Ms. Pruitt was forty-six years old at the time of the administrative hearing.  (Tr. 68.)  She is a high school graduate, (*id.*) and has a strong employment history.  (Tr. 68-69.)

Plaintiff offers several arguments in support of her Complaint (Doc. No. 15 at 13-20) – all tied to whether the ALJ's residual functional capacity assessment is supported by substantial evidence.  The ALJ concluded Plaintiff is capable of performing a reduced range of sedentary work.  (Tr. 37-53.)  But after careful review, I find the record fails to substantially support such a conclusion.

Ms. Pruitt has a strong work history.  The medical evidence reveals she has actively sought treatment – including surgeries – to try and improve her condition but the surgeries have had only mixed results. (Tr. 982.)  The objective diagnostic tests corroborate Ms. Pruitt's allegations of pain and limitation.  Her numerous imaging reports reveal she has moderate to severe abnormalities with her back.  (Tr. 448, 512-513, 725, 735-736, 1000-1001, 1123.)

Michael Hussey, M.D., an orthopedic surgeon, reported that he and spine specialist Justin Seale, M.D. were treating Ms. Pruitt.  (Tr. 1041.)  Dr. Hussey states that Plaintiff's shoulder impairment "could be considered a temporary disability, but currently in [his] opinion is not a permanent disability."  (*Id.*)  The ALJ stated, "This opinion is vague, imprecise, and conclusory

with little explanation.  This opinion is not supported by or consistent with the medical records presented at the hearing level." (Tr. 50.)  This may be true, but the ALJ failed to fairly assess the entirety of Dr. Hussey's treatment records.  Dr. Hussey, stated, ". . . the majority of her symptoms are coming from the cervical spine.  The patient agrees with this assessment." (Tr. 1136.)  However, the record has not been developed regarding Dr. Seale's prognosis for Mr. Pruitt.

I am mindful of the fact it is Ms. Pruitt's burden to prove her disability.  However, given her strong work history, diagnostic tests clearly showing abnormality with her back, and her treating doctor opining that the majority of her symptoms come from her cervical spine, I find that the decision of the Commissioner is not supported by substantial evidence.

This is a confounding case.  And counsel for the Commissioner has made some strong arguments in support of her position. (Doc. No. 16.)   However, there is a critical piece of this case missing - an opinion regarding Plaintiff's cervical spine impairment.  Thus, I find the ruling of the Commissioner must be reversed and the matter remanded for further evaluation of Plaintiff's residual functional capacity.  On remand the Commissioner should develop the record with regard to Plaintiff's cervical spine issues and, possibly, obtain the opinion of Dr. Seale.  The Commissioner should then determine Plaintiff's residual functional capacity.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be reversed and the matter remanded for further evaluation of Plaintiff's residual functional capacity.

DATED this 8th day of September 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE